## Ex Parte López.

### Appeal from the District Court of San Juan.

No. 156.—Decided January 22, 1909.

HABEAS CORPUS—APPEAL.—A final order dismissing a petition for a writ of *habeas corpus* is not appealable to the Supreme Court.

ID.—An order overruling a motion for permission to inspect or transcribe certain depositions of witnesses in the possession of the *fiscal,* is not appealable to the Supreme Court.

The facts are stated in the opinion.

*Mr. Rafael Guillermety* for appellant.

*Mr. Rossy, fiscal,* for respondent.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

Under date of the 8th instant, Rafael Guillermety, Esq., on behalf of Mariano López Laboy, filed a petition with the Judge of the Second Section of the District Court of San Juan, asking that a writ of *habeas corpus* issue to the assistant warden of the penitentiary of this city who had under his custody the prisoner, López Laboy, alleging that said López Laboy, was unjustly and illegally deprived of his liberty under a criminal accusation, without reasonable or probable cause therefor, he being unable to specify the grounds of his petition because all the papers in the case were in the custody of the *fiscal* of said court who refused to deliver them or permit their examination.

On the same day the petitioner filed a motion with said court, praying that he be authorized to inspect or transcribe, in whole or in part if necessary, the depositions of witnesses which led to his imprisonment, in order that he might include them in the petition for a writ of *habeas corpus* or that a certified copy thereof be issued to him for said purpose.

The court, by orders made on January 8 aforesaid, refused to issue the writ of *habeas corpus,* and overruled the motion above referred to.

From both orders counsel for Mariano López Laboy took an appeal, and the original record having been forwarded to this Supreme Court, the hearing of both appeals was had on the 19th instant.

Upon examining the orders appealed from, we find that they are not appealable.

Section one of the act providing for the writ of *habeas corpus,* approved March 12, 1903, reads:

"An appeal may be taken to the Supreme Court of Porto Rico from the final order of a court or judge upon the return of the writ of *habeas corpus,* by any party to the proceedings, aggrieved thereby."

In the *habeas corpus* proceedings submitted to our consideration there is no final order entered after the return of the writ of *habeas corpus,* said writ not having been issued; wherefore there is no order from which an appeal may be taken.

This doctrine had already been established by us when deciding the case of *Ex parte Luis Felipe Dessús,* 9 P. R. Rep., 269, in an opinion rendered by Mr. Justice MacLeary.

As to the order overruling the motion for permission to inspect the transcript of the deposition of witnesses which led to the imprisonment of the petitioner, neither in the aforesaid Act of March 12, 1903, nor in the Codes of Criminal and Civil Procedure, do we find any provision granting the aggrieved party an appeal from such an order, as will be seen by the simple perusal of such sections as may be pertinent to the case.

For the foregoing reasons both appeals should be dismissed, with costs against the appellant.

*Dismissed.*

Justices Figueras, MacLeary and Wolf concurred.

Mr. Chief Justice Quiñones did not take part in the decision of this case.